JOHN C. SERVICE, *et al.*, v. JENNIE M. WATSON.

1. EVIDENCE—*Verdict, not Disturbed.* There being some evidence tending to prove every material fact necessary to be found, to sustain the general verdict of the jury, and it being approved by the trial court, it will not be disturbed by this court.

2. CONTRACT *Between Husband and Wife—Valid Agreement.* On a settlement of a long-standing indebtedness between husband and wife, the husband being in failing circumstances, there being no time for payment or rate of interest specified when the indebtedness of the husband to the wife was contracted, they can make a valid agreement that the debt bear interest at the rate of seven per cent. per annum.

*Error from Franklin District Court.*

REPLEVIN by *Watson* against *Service* and others. Judgment for the plaintiff, at the January Term, 1886. The defendants bring the case here. The material facts appear in the opinion.

*W. Littlefield,* for plaintiffs in error.

*H. P. Welsh,* for defendant in error.

Opinion by SIMPSON, C.: This was an action of replevin, brought by the defendant in error, to recover possession of certain goods seized by J. C. Service, constable, on an execution issued to him by a justice of the peace in the city of Ottawa, on a judgment in favor of Beckham, Mercer & Co. against J. C. Watson, husband of the defendant in error. De-

fendant in error claims the goods in question under a mortgage given to her by her husband, November 25, 1885, on his entire stock of goods, to secure a debt of $708 evidenced by his note to her of the same date. The case was tried by a jury at the January term, 1886, of the Franklin county district court, and there was a verdict and judgment for the defendant in error that she was the owner and entitled to the possession of the property; that it was wrongfully detained by the plaintiffs in error; that its value was $261, and damages for the wrongful detention were $3.04. A motion for a new trial was overruled, and exceptions were taken; no special findings. The court was not requested to instruct in writing, and there is nothing in the record but the pleadings, evidence, verdict and judgment, and motion for a new trial.

Two causes of reversal are insisted upon here: The first is, that there is not sufficient evidence to authorize the jury to find that the defendant in error was the owner of the goods. The general verdict of the jury, and the judgment of the court rendered thereon, necessarily include a finding that the transaction detailed by Mrs. Watson and her father was a gift by him to her of goods to the extent of $400, in May, 1874; of the sale of her interest to Watson; of his agreement to pay; of his subsequent purchase of the interest of Moore; of the execution of the note and chattel mortgage by Watson to the defendant in error; of its good faith; and of every other material fact to sustain the verdict. We are not called upon to weigh the testimony, and to pass upon the credibility of the witnesses. The jury have done so, and their verdict is approved by the trial judge. There is evidence tending to support all the necessary elements of the verdict rendered, and we cannot disturb it. This has been so often declared by the court in this class of cases, that citation of authority is not necessary.

The second proposition of counsel for plaintiff in error is, that at the time Mrs. Watson sold the $400 worth of goods given her by her father to her husband there was no precise time fixed for payment, and no specified rate of interest, and

as from the time she took possession of the goods under her chattel mortgage up until they were seized by the constable she had sold goods to the amount of $412, her chattel mortgage was paid and satisfied, and she was not entitled to interest, and therefore that the recovery was too large, and the judgment should be reversed. The facts are that she sold to her husband on the 28th day of May, 1874, and she says it was an understanding that she was to have seven per cent. interest; but be that as it may, they had a settlement on the 28th of November, 1885, and he then executed this note for $708, and agreed that this was the amount then due her, and they had the right to make such an agreement, he to pay and she to receive this sum for the use of the $400 of goods for all this time. This settlement on the 25th of November, 1885, is an acknowledgment on the part of Watson that he, at the time he purchased the goods and agreed to pay for them, was to pay interest on the money until such time as he could pay her back. The verdict of the jury accepted as to the good faith of the original transaction, there can be no other construction or solution of the acts and agreements of the Watsons. There is no cause made out to authorize a reversal, and we are compelled to recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.